UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON POWERS, et al., § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> ONE TECHNOLOGIES, LLC, § <br> § <br> *Defendant.* § | Civil Action No. 3:21-CV-2091 |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant One Technologies's partial motion to dismiss the plaintiffs' first amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court **GRANTS** One Technologies's motion and **DISMISSES WITHOUT PREJUDICE** count two alleged under the Telephone Consumer Protection Act.[1] The Court also **GRANTS** One Technologies's motion as to count five and **DISMISSES WITH PREJUDICE** this count, which is alleged under the Texas Business and Commerce Code.

### I. Background

The defendant One Technologies operates a web-based business that provides consumers credit scores, credit education, analysis tools, identity protection, and mitigation products.[2] One Technologies uses independent contractors and various

---

[1] As the Court explains in Section III.A of this Order, the Court **GRANTS** the plaintiffs 28 days to file an amended complaint addressing only the deficiencies about vicarious liability. No other changes are allowed.

[2] Doc. No. 12 ¶ 1.

1

methods, including email, to get new customers. Named plaintiff Shannon Powers has sued One Technologies in two other venues for violations of the Telephone Consumer Protection Act.[3] In both of those cases, the courts dismissed Powers's complaint. In this case, Powers and the other plaintiffs allege generally that they have received unsolicited, unlawful text messages.[4]

Pertinent to the instant motion to dismiss, plaintiffs Johnson, Groskopf, and "other members of the TCPA policy class" sue under 47 C.F.R. § 64.1200(d) for One Technologies's alleged violation of the Telephone Consumer Protection Act by not having or maintaining a procedure for maintaining a do-not-call list (count two).[5] One Technologies has moved to dismiss count two.[6] One Technologies argues that: (1) § 64.1200(d) does not have a private right of action; (2) no violation has occurred because One Technologies did not initiate the text messages at issue; (3) One Technologies is not subject to the regulation; (4) One Technologies has complied with the regulation; (5) even if a violation occurred, a safe harbor provision protects One Technologies from any liability; and (6) the plaintiffs have failed to allege that the plaintiffs are "residential subscribers," as required by § 64.1200(d).

The plaintiffs also allege that One Technologies failed to register as a Telemarketer pursuant to the Texas Business and Commerce Code § 302.101 (count

---

[3] *See* Doc. No. 19 at 7–8; *Powers v. One Techs., LLC*, 2021 WL 3519282, at *1 (W.D.N.C. Aug. 10, 2021); *Johnson v. One Techs., LLC*, Case No. 20-cv-2017, ECF Nos. 12-1, 14-1 (S.D. Cal. Jan. 19, 2021).

[4] *See* Doc. No. 12 at 1.

[5] *See id.* ¶ 75–79, 85–88.

[6] *See* Doc. No. 19.

2

five).  One Technologies has also moved to dismiss count five.[7]  One Technologies argues that count five fails because One Technologies is not required to register as a Telemarketer because One Technologies does not make phone calls.[8]

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[9]  To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

## III. Analysis

### A. Count Two – Alleged Violations of the Telephone Consumer Protection Act.

First, One Technologies argues that the Court should dismiss count two because the plaintiffs have no private right of action for violations of 47 C.F.R. § 64.1200(d).  One Technologies argues that § 64.1200(d) was promulgated under 42 U.S.C. § 227(d) of the Act and that § 227(d) provides no private right of action.

Congress passed the Telephone Consumer Protection Act because American

---

[7] *Id.*

[8] *Id.*

[9] *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

citizens were "outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes."[12] The Act outlawed pervasive telemarketing conduct and authorized the Federal Communications Commission to promulgate regulations under the Act.[13] As pertinent here, § 227(c) of the Act "concern[s] the need to *protect* residential telephone subscribers' *privacy rights* to avoid receiving telephone solicitations to which they object."[14] Importantly, § 227(c) provides a private right of action.[15]

The Federal Communications Commission has indeed issued regulations to implement the Act, and one such regulation is 47 C.F.R. § 64.1200(d), which requires telemarketers to have or maintain a procedure for maintaining a do-not-call list. While One Technologies argues that § 64.1200(d) was promulgated under § 227(d) of the Act, several Circuit Courts have disagreed. The Third, Sixth, and Eleventh Circuits have found that § 64.1200(d) was promulgated to protect privacy rights under 47 U.S.C. § 227(c) and thus that § 227(c)'s private right of action reaches violations of § 64.1200(d).[16] The Fifth Circuit has not yet weighed in, but district courts within the Fifth Circuit have agreed that § 64.1200(d) was promulgated under

---

[12] *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1264 (11th Cir. 2019) (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)).

[13] 47 U.S.C. § 227(b)(1).

[14] *Id.* § 227(c)(1) (emphases added); *id.* § 227(b)(2) (the FCC "shall prescribe regulations to implement the requirements of [that] subsection").

[15] *Id.* § 227(c)(5).

[16] *See Charvat v. NMP, LLC*, 656 F.3d 440, 443–44, 448–49 (6th Cir. 2011); *Shelton v. Fast Advance Funding, LLC*, 805 F. App'x 156, 157 (3d Cir. 2020), *aff'g* 378 F. Supp. 3d 356, 361 (E.D. Pa. 2019); *Cordoba*, 942 F.3d at 1265.

§ 227(c), and that there is a private right of action.[17] As a sister court has explained, the purpose of § 64.1200(d)'s do-not-call-list requirement and the procedure to maintain the list are to "further the goal of protecting subscribers from unwanted telemarketing calls and thus align with the purpose of § 227(c)."[18]

This Court, in accord with others, finds that § 64.1200(d) was issued to further the privacy right in § 227(c).[19] Thus, the private right of action contained in § 227(c) reaches violations of § 64.1200(d).

Second, One Technologies argues that, even if the plaintiffs have a private right of action, One Technologies itself did not "initiate" the text messages and thus cannot be liable under the Act.[20] But the inquiry does not stop there because the Supreme Court has ruled that a company may be vicariously liable for violating the Act.[21] The Court stated that "the Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations . . . and we have no cause to question it."[22] Thus, courts use

---

[17] *See also Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761 (N.D. Tex. Feb. 24, 2022); *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988 (N.D. Tex. Nov. 2, 2017).

[18] *Callier v. Debt Mediators, LLC*, No. EP-21-CV-278-DB, 2022 WL 1423622, at *4 (W.D. Tex. May 5, 2022) (analyzing the text of § 64.1200(d) and concluding that the goal is to protect individual privacy rights provided by § 227(c)).

[19] *Id.*

[20] *See* Doc. No. 19 at 12.

[21] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016).

[22] *Id.*

traditional notions of vicarious liability to assess if the principal is liable for an agent's action.[23]

However, the plaintiffs must first allege that an agent is liable in order for a principal to be liable.[24] Here, the plaintiffs have conclusorily asserted that the agents of One Technologies are liable, but have not even identified the agents or much less pled an agent-principal relationship.[25] Federal courts routinely dismiss claims that rely upon vicarious liability at the pleading stage when insufficient facts have been alleged to establish control.[26] Because the plaintiffs have insufficiently pled vicarious liability, the Court will grant the motion to dismiss as it relates to count two.

Because the Court dismisses count two for failure to sufficiently plead vicarious liability, the Court need not evaluate further arguments except for one: One Technologies's argument that the regulation, § 64.1200(d), applies only to "residential subscribers" and that the plaintiffs have not alleged that "primary cell phones" fit the description of "residential."[27]

---

[23] *Id.*; *see, e.g.*, *Cunningham v. Matrix Fin. Servs., LLC*, No. 4:19-CV-00896, 2021 WL 1233466, at *11–12 (E.D. Tex. Feb. 12, 2021), *report and recommendation rejected on other grounds*, 531 F. Supp. 3d 1164 (E.D. Tex. 2021).

[24] *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131–132 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).

[25] *See* Doc. No. 12 ¶ 122.

[26] *See, e.g.*, *Cunningham*, 2021 WL 1233466, at *12–13 (dismissing two parties for a failure to sufficiently allege agency under traditional rules of vicarious liability); *Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (finding that an allegation that defendant was acting as agent and within the scope of authority was conclusory and insufficient for vicarious liability).

[27] *See* Doc. No. 19.

For almost two decades the Federal Communications Commission has allowed wireless subscribers to participate in the national do-not-call list.[28]  The Commission explains that the question of whether a subscriber is "residential" is fact-intensive and for practical reasons "presume[s] [that] wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers.'"[29]  For the purpose of the motion to dismiss, this Court will presume the same.

In sum, while the plaintiffs have a private right of action to sue for violations of 47 C.F.R. § 64.1200(d), count two is nonetheless DISMISSED WITHOUT PREJUDICE because the plaintiffs have failed to sufficiently allege that One Technologies is vicariously liable for the acts of its agents.  The Court GRANTS the plaintiffs 28 days from the issuance of this Order to file an amended complaint addressing this deficiency.

### B. Count Five – Alleged Failure to Register as a Telemarketer

One Technologies also asks the Court to dismiss count five of the first amended complaint because the plaintiffs failed to state a claim under Chapter 302 of the Texas Business and Commerce Code, specifically § 302.101.  The Code requires companies who "make a telephone solicitation" to obtain a registration certificate from the office of the Secretary of State.[30]  Chapter 302 defines "telephone solicitation" as "a telephone *call* a seller or salesperson initiates to induce a person to purchase, rent,

---

[28] 18 FCC Rcd. 14014, 14039 (2003).

[29] *Id.*

[30] TEX. BUS. & COM. CODE § 302.101.

claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means."[31]

Chapter 302 does not, however, define "call." The plaintiffs argue that "call" should be defined the same way in Chapter 302 as it is defined in a different chapter, Chapter 304. In 2009, the Texas Legislature amended the definition of "call" in Chapter 304 to include "transmission of a text or graphic message or of an image."[32] The Legislature did *not* amend the definition in Chapter 302, which is the Chapter at issue here. Furthermore, before the definition provided in Chapter 304, the header is labeled "Definitions. In this chapter."[33] Thus, the Texas Legislature indicated that the definitions in Chapter 304 are confined to Chapter 304. If the Texas Legislature had wanted definitions from Chapter 304 to apply to Chapter 302, it would have said so. Finally, Chapter 302 contains a similar definitions section as Chapter 304 and yet lacks a definition for "call."[34]

The alleged violations are about text messages, not phone calls. Under a plain reading of the Code, Chapter 302 does not apply to text messages. While words are presumed to mean the same thing when "it occurs here and there in the same statute," Chapter 302 and Chapter 304 are different Chapters with their own definition sections.[35] The definition sections within the Chapters, § 302.001 and

---

[31] *Id.* § 302.001(7) (emphasis added).

[32] *Id.* § 304.002.

[33] *Id.* § 304.002.

[34] *Id.* § 302; *id.* § 304.

[35] *Env't Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007).

§ 304.002, indicate that the definitions are "Definitions. In *this* chapter."[36] The Court, therefore, will not extend a definition from other, even related, areas of the Code when the legislature has chosen not to do so. Accordingly, the Court rejects the plaintiffs' argument that "call" under Chapter 302 includes "text messages."[37] For this reason, the Court DISMISSES WITH PREJUDICE count five of the plaintiffs' first amended complaint alleging a violation of the Texas Business and Commerce Code § 302.101.

## IV. Conclusion

The Court **DISMISSES WITHOUT PREJUDICE** count two of the first amended complaint and **GRANTS** the plaintiffs 28 days to file an amended complaint addressing only the deficiencies about vicarious liability. No other changes are allowed. The Court also **DISMISSES WITH PREJUDICE** count five of the first amended complaint.

**IT IS SO ORDERED** this 28th day of July, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[36] TEX. BUS. & COM. CODE § 302.001, § 304.002 (emphasis added).

[37] *See* Docket No. 12 ¶ 180.